Raymond H. Royce, Esq.
Jason L. Bergevin, Esq.
Law Offices of Royce & Brain
1407 W. 31st Avenue, 7th Floor
Anchorage, Alaska 99503-3678
Telephone: (907) 258-6792
Facsimile: (907) 276-2919

Attorneys for Defendants, Kane, Inc. and Travelers Casualty and Surety Company of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| NOVA GROUP, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KANE, INC., an Alaska Corporation; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>Defendants.<br><br>THE UNITED STATES OF AMERICA, for the use and benefit of KANE, INC., an Alaskan Corporation,<br><br>Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Third-Party Defendant. | **MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:06-cv-241 TMB |

# MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION

Defendants, Kane, Inc. and Travelers Casualty and Surety Company of America (collectively "Kane") has moved this Court, pursuant to Fed. R. Civ. P. 37(a)(2), to compel Nova Group, Inc. ("Nova") to produce documents wrongfully withheld as protected by the attorney-client privilege.

## I. Facts

On October 25, 2007, Nova provided a Privilege Log for its production, reflecting that 18 documents had been redacted on the basis of the attorney-client privilege. Exhibit 1. The log includes the author and recipients of each redacted document. All of the names listed as authors or recipients are current or past employees of Nova. By letter dated October 31, 2007, Kane challenged the redactions on the basis that none of the names listed were attorneys and requested Nova produce unredacted copies of the documents by November 7 or a motion to compel would be filed. Exhibit 2. On October 31, 2007, opposing counsel responded via email that Ms. Carole Bionda was an attorney and serves as general counsel of Nova. Exhibit 3. A search of the California State Bar Association lawyer directory shows that Ms. Bionda was deemed ineligible to practice law in 1983 and resigned from the bar in 1985. Exhibit 4. On November 5, 2007 counsel spoke with opposing counsel who confirmed that Ms. Bionda was not a licensed attorney but stated he

*Memorandum in Support of Motion to Compel*, Page 2 of 6
Nova Group, Inc. v. Kane, Inc., et al
Case No. 3:06-cv-241 TMB

was reviewing the relevant case law and would respond accordingly. Affidavit of Counsel at ¶ 7. Nova has not responded further.

## II. DISCUSSION

A.  <u>Nova has wrongfully withheld documents based on the attorney-client privilege</u>.

The 18 documents identified on Nova's privilege log are not protected by the attorney-client privilege. Guam Evidence Rule 504 recognizes the existence of the attorney-client privilege. However, there is no case law addressing application of the attorney-client privilege under Guam law.

By definition, the attorney-client privilege "protects communications between attorney and client made for purpose of furnishing or obtaining professional legal advise or assistance." BLACK'S LAW DICTIONARY 129 (6th ed. 1990). There is no question that the attorney client privilege extends to legal advice provided by in-house counsel. However, it is axiomatic that application of the attorney-client privilege requires the involvement of an individual who is licensed to practice law, not simply an individual who has attended law school. The classic definition of the conditions necessary for the application of the attorney-client privilege was penned by Judge Wyzanski in <u>United States v. United Shoe Machinery Corp.</u>, 89 F. Supp. 357 (D. Mass. 1950). It states that privilege only applies if:

(1) the asserted holder of the privilege is or sought to become a client;

*Memorandum in Support of Motion to Compel*, Page 3 of 6
<u>Nova Group, Inc. v. Kane, Inc., et al</u>
Case No. 3:06-cv-241 TMB

> (2) the person to whom the communication was made (a) **is a member of the bar of a court**, or his subordinate and (b) in connection with this communication is acting as a lawyer;
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
> (4) the privilege has been (a) claimed and (b) not waived by the client.

Id. at 358-359 (emphasis added). For purposes of this discovery dispute, the key element of these conditions is that the person either making the communication or receiving the communication be a member of the bar of a court.

Nova has asserted the attorney-client privilege to redact information conveyed to or from Ms. Bionda and other Nova employees. However, Ms. Bionda is not a licensed attorney. While she may have attended law school and practiced law at an earlier point in time, she is no longer authorized to practice law in the State of California. Ms. Bionda resigned from the California bar in 1985. Exhibit 4. Undersigned counsel was also not able to find her name listed as an active attorney in the American Bar Association's online lawyer directory or in the online Martindale lawyer directory. Because Ms. Bionda is not a licensed attorney, any advice she provides is simply business advice and is not protected by the attorney client privilege. The information Nova has redacted is not protected by the attorney-client privilege. Kane respectfully requests the Court compel Nova to produce unredacted copies of the documents identified on its October 25, 2007 Privilege Log.

*Memorandum in Support of Motion to Compel*, Page 4 of 6
Nova Group, Inc. v. Kane, Inc., et al
Case No. 3:06-cv-241 TMB

B. <u>Nova's unjustified failure to produce the requested documents warrants an award of attorney's fees to Kane</u>.

Fed. R. Civ. P. 37(a)(4) allows the Court to award attorney's fees to a party that was required to file a motion to compel in order to obtain discovery. Kane has made a good faith effort to resolve this dispute without court action, requesting the documents in writing and also discussing the matter with opposing counsel via telephone. Kane respectfully requests the Court award it the attorney's fees incurred in bringing the present motion to compel.

III. CONCLUSION

Nova has wrongfully redacted documents based on the attorney-client privilege. Ms. Bionda is not a licensed attorney and any advice she gives is business advice that is not protected by the attorney-client privilege. The redacted documents should immediately be produced without the redactions. Kane respectfully requests the Court grant its motion to compel.

RESPECTFULLY SUBMITTED this 8th day of November 2007.

LAW OFFICES OF ROYCE & BRAIN
Counsel for Kane, Inc. and Travelers
Casualty and Surety Company

   s/ Jason L. Bergevin
1407 W. 31st Avenue, 7th Floor
Anchorage, Alaska 99503
Telephone: 907-258-6792

*Memorandum in Support of Motion to Compel*, Page 5 of 6
<u>Nova Group, Inc. v. Kane, Inc., et al</u>
Case No. 3:06-cv-241 TMB

Facsimile: 907-276-2919
E-mail: jbergevin@roycebrain.com
Alaska Bar Association No. 9911057

CERTIFICATE OF SERVICE

I hereby certify that on 11/8/07 a true and correct copy of the foregoing document was served electronically on:

>David W. Oesting
>Davis Wright Tremaine LLP
>701 W. 8th Ave., Suite 800
>Anchorage, AK 99501
>
>Michael P. Grace
>David C. Groff
>Groff Murphy Trachtenberg & Everard PLLC
>300 East Pine St.
>Seattle, WA 98122

By: s/ Angela Morganthal
    Angela Morganthal

*Memorandum in Support of Motion to Compel*, Page 6 of 6
Nova Group, Inc. v. Kane, Inc., et al
Case No. 3:06-cv-241 TMB